Judge Jamal N. Whitehead

_____ FILED    _____ ENTERED
_____ LODGED    _____ RECEIVED

**MAY 19 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARRET ARTHUR LENGYEL,<br><br>Defendant. | NO. CR24-211 JNW<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Michael Harder of the Western District of Washington and Garret Arthur Lengyel and Lengyel's Attorney J. Leonardo Costales enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a.    Possession of Controlled Substances with Intent to Distribute, a lesser included offense as that charged in Count Two, in violation of Title 21, United

Plea Agreement - 1
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States Code, Section 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

b.    Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count Three, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

c.    Unlawful Possession of Firearms, as charged in Count Four, in violation of Title 18, United States Code, Section 922(g)(1).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

Count Two, Possession of Controlled Substances with Intent to Distribute:

a.    First, the defendant knowingly possessed any controlled substance; and

b.    Second, the defendant possessed it with the intent to distribute it to another person.

Count Three, Possession of a Firearm in Furtherance of a Drug Trafficking Crime:

a.    First, the defendant committed the crime of Possession of Controlled Substances with Intent to Distribute, as charged in Count Two;

b.    Second, the defendant knowingly possessed a firearm, a Glock Model 43X pistol, in furtherance of the drug trafficking crime.

Count Four, Unlawful Possession of Firearms:

a.    First, the defendant knowingly possessed a firearm;

Plea Agreement - 2
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.    Second, the firearms had been shipped and transported from one state to another;

c.    At the time the defendant possessed the firearms, the defendant was convicted of a crime punishable by a term of imprisonment exceeding one year;

d.    At the time the defendant possessed the firearms, the defendant knew he was convicted of a crime punishable by a term of imprisonment exceeding one year.

3.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. Possession of Controlled Substances with Intent to Distribute, a lesser included offense as that charged in Count Two: A maximum term of imprisonment of 20 years imprisonment, a fine of up to $1,000,000, a period of supervision following release from prison of at least three years, and a mandatory special assessment of $100.

b. For the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count Three: A maximum term of imprisonment of life and a mandatory minimum term of imprisonment of five years, which must be served consecutive to any other sentence, a fine of up to $250,000, a period of supervision following release from prison of up to five years, and a mandatory special assessment of $100.

c. For the offense of Unlawful Possession of Firearms, as charged in Count Four: a maximum term of fifteen years imprisonment, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.

Plea Agreement - 3
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 4
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the

Plea Agreement - 5
*United States v. Garret Arthur Lengyel,* CR24-211 JNW

seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense(s). The parties agree on the following facts:

a.    In late July of 2024, law enforcement conducted a controlled buy in which a confidential informant purchased from Garret Arthur Lengyel more than 30 grams of methamphetamine and more than 50 grams of fentanyl pressed into M30 pills.

Plea Agreement - 6
*United States v. Garret Arthur Lengyel,* CR24-211 JNW

The transaction took place in Lengyel's home, 4527 123 PL NE, Marysville, Washington. That residence is within Snohomish County and within the Western District of Washington. Following that transaction, law enforcement observed short stay traffic coming and going from Lengyel's residence, along with firearms, ammunition boxes, and suspected narcotics being taken into and out of the home.

b. On October 23, 2024, law enforcement executed a search warrant at the Lengyel residence. Inside the residence, officers found a chamber loaded Glock Model 43x magnetized underneath the fireplace mantle, a few feet from a backpack with fentanyl. Lengyel possessed the firearm to protect controlled substances, his drug proceeds, and himself, including when Lengyel conducted drug transactions in his home.

c. In the house, officers found over 5,000 grams of fentanyl and 482 grams of methamphetamine, which Lengyel admits that he knowingly possessed and intended to distribute to other people. Officers also found firearms (as described below) as well as a 9mm pistol without a serial number, silencers, gun magazines, body armor, pieces and powder from an explosive device, and large quantities of ammunition and ammunition components, all of which Lengyel admits facilitated his possession with the intent to distribute the drugs found in his residence. Officers also found $25,240 in cash, which Lengyel admits was proceeds of his drug distribution.

d. During the search warrant execution on October 23, 2024, Lengyel knowingly possessed multiple firearms, including: a Kimber Master Carry Custom, .45 caliber pistol; Daewoo DH380, .380 caliber pistol; a Smith and Wesson Model 586, .357 Magnum Revolver; Ruger Mark 4 .22 LR, .22 caliber pistol; Glock 43X, 9mm pistol; Smith and Wesson MP 22, .22 caliber pistol; and a Kel-Tec PMR-30, .22 caliber pistol. Each firearm had been shipped or transported from one state to another.

e. At the time the defendant possessed these firearms, the defendant had been convicted of crimes punishable by a term of imprisonment exceeding one year, including: Second Degree Robbery and First Degree Burglary, in Snohomish County

Plea Agreement - 7
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

Superior Court, under case number 98-1-00408-2, on or about January 19,1998; Second Degree Burglary, in Snohomish County Superior Court, under case number 05-01-00788-0, on or about March 3, 2005; and Trafficking in Stolen Property, in Snohomish County Superior Court, under case number 07-1-0026-4, on or about May 5, 2006.

f.    At the time Lengyel possessed the firearms, he knew that he had been convicted of offenses punishable by a term of imprisonment exceeding one year.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

The base offense level is no less than Level 34

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty,

Plea Agreement - 8
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of no more than 96 months. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of Possession of Controlled Substances with Intent to Distribute, as charged in Count Two. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853 and includes, but is not limited to, the following property seized from Defendant's residence in Marysville, Washington, on or about October 23, 2024:

1. One Glock Inc. 43X, .9mm pistol, and any associated ammunition;

2. One Kimber Master Carry Custom, .45 caliber pistol, and any associated ammunition;

3. One Daewoo DH380, .380 caliber pistol, and any associated ammunition;

4. One Smith and Wesson 586, .357 magnum revolver, and any associated ammunition;

Plea Agreement - 9
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. One Ruger Mark IV, .22 caliber pistol, and any associated ammunition;

6. One Smith and Wesson M&P 22C, .22 caliber pistol, and any associated ammunition;

7. One Keltec, CNC Industries, Inc. PMR-30, .22 caliber pistol, and any associated ammunition;

8. One 9mm caliber pistol, bearing no serial number, and any associated ammunition;

9. One Silencer Co., LLC., 22 Sparrow, 22 caliber silencer;

10. Three silencers, bearing no serial number;

11. Any other firearms magazines and accessories;

12. Disassembled pieces and powder from explosive device;

13. Body armor; and

14. Any other ammunition, and ammunition components, including the following:

     a. Approximately 404 rounds of .45 caliber ammunition;

     b. Approximately 6 rounds of .380 caliber ammunition;

     c. Approximately 21 rounds of .22 caliber ammunition;

     d. Approximately 43 rounds of .9 caliber ammunition;

     e. Approximately 50 rounds of .32 caliber ammunition;

     f. Approximately one round of .50 caliber ammunition;

     g. Approximately 120 rounds of 410 caliber ammunition;

     h. Approximately 1,149 rounds of assorted ammunition; and

     i. Approximately 100 ammunition components.

Defendant further agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all firearms and ammunition that were involved in his commission of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count Three, and Unlawful Possession of Firearms, as charged in Count Four. This property is subject to forfeiture pursuant to Title 18, United

Plea Agreement - 10
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the following property:

1. As to Count Three, the Glock Model 43X pistol and any associated ammunition, described in subparagraph 12(1), above; and

2. As to Count Four, the firearms and any associated ammunition, described in subparagraphs 12(1) – 12(7), above.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Possession of a Controlled Substance with Intent to Distribute (Count Two), or are firearms and ammunition involved in his commission of the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Three) or Unlawful Possession of Firearms (Count 4).

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, firearms, magazines, firearms accessories, and firearms parts, that were in Defendant's direct or indirect control,

Plea Agreement - 11
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

Defendant consents to the federal administrative disposition, official use, and/or destruction of same.

14.   **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.   **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 12
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Plea Agreement - 13
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

Plea Agreement - 14
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19 day of ___May___, 2025.

_____
GARRET ARTHUR LENGYEL
Defendant

_____
J. LEONARDO COSTALES
Attorney for Defendant

_____
MICHAEL F. HARDER
Assistant United States Attorney

_____
TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 15
*United States v. Garret Arthur Lengyel*, CR24-211 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970